Cushing, J.
Plaintiff’s action in the court of common pleas was to enjoin the city of Cincinnati from carrying out the regulation made by its service director, establishing a method of charging for water. For many years two methods were used — for residences, what was known as‘the survey system, and for business houses, the meter system. On May 1, 1917, the service director promulgated bylaws and regulations with reference to the use and charges for water. On May 12, 1917, an amendment to the regulation was adopted.
Plaintiff filed his action February 12, 1919. He set out in full the regulation -of May 1, 1917, but did not include the amendment of May 12, 1917. The petition charged that it was arbitrary, unreasonable and unlawful to charge part of the users of water by the survey system and others by the meter system; that it was an unlawful abuse of corporate power to require a part of the users of water to install and repair meters, as a means of measuring water, while others escape that expense; and that it was unlawful to require any of the users of water to install and keep in repair meters as a means of measuring water.
To this petition the city filed an answer admitting the adoption of the regulation set out in the petition, and added the amendment of May 12, 1917-, that all service now supplied by the survey assessment shall be metered within a period of two years fro.m and after May 12, 1917. The answer *474 stated that at the time of the adoption of the amendment there were 17,370 houses supplied by the survey system, and that at that time all business users of water were charged by the meter system. Under the regulation the city was divided into zones and the users of water were required within two years to install the meter system.
Plaintiff demurred to the answer.
Of the three divisions of plaintiff’s petition the first and second amount to- the same and are to the effect that it is an unlawful discrimination to require part of the users of water to pay by the survey and part by the meter system.
The two years regulation ended May 11, 1919.
The record is silent as to the number of users of water supplied by the meter system at the time the petition was filed. The regulation not being questioned by users of water other than those in litigation, it will be presumed that the balance of the 17,370 users of water above mentioned have acquiesced in the regulation and installed the meter system. So that whatever might have been the argument when the two systems were used is of no force at this time. There is now but one method by which the city charges for water, .and the first and second contentions of plaintiff could not have any force after May 12, 1919.
The main argument of counsel is that the city should install and keep in repair all meters. Section 3957, General Code, authorizes the director of public service to make by-laws . and regulations that he deems necessary for the safe, economical and efficient management and operation of the waterworks; that such regulations shall have the force *475 and effect of ordinances. Section 3958 authorizes the director, for the purpose of paying the expenses of conducting and managing the waterworks, to assess and collect water rent of sufficient amount in such manner as he deems most equitable upon all tenements and premises supplied with water. This section of the statute vests in the director of public service a discretion as to the manner he deems most equitable for the collection for water service. The language of the statute is:
“For the purpose of paying the expenses of conducting and managing the water works, such director may assess and collect from time to time a water rent of sufficient amount in such manner as he deems most equitable upon all tenements and premises supplied with water.”
In his discretion the director has deemed it most equitable to collect by the meter system.
Plaintiff’s argument that it would be better for the city to install and pay for meters goes directly to the question of the discretion vested in the service director.
Where a discretion is vested in an officer, board or body, a court may not control that discretion by judicial determination, neither can it substitute its judgment for such discretion. Pugh Printing Co. v. Yeatman et al., Deputy State Supervisors of Elections, 22 C. C., 584, and Robinson v. McDonald, 26 C. C., N. S., 137.
The first and second statements in the petition and the argument of counsel did not include all the regulations of the service director, and if there was a discrimination prior to May 12, 1917, there'is no such discrimination now; the conclusion is that the *476 demurrer to the answer was properly overruled on that ground. Also, as neither the petition nor the answer raises the question that the service director has abused the discretion vested in him, and as this court is without’authority to control that discretion or substitute its judgment therefor, the demurrer to the answer was properly overruled on that ground.
A decree, therefore, may be entered overruling the demurrer to the answer and assessing the costs in this court against the plaintiff.

Judgment accordingly.

Shohl, P. J., and Hamilton, J., concur.